IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JOWELL TRAVIS LEGENDRE,** | ) | CASE NO. 7:20CV00182 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **CITY OF CHARLOTTESVILLE, ET AL.,** | ) | By:  Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendants.** | ) | |

Jowell Travis LeGendre, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that he has been denied due process and equal protection and that the defendants were not trained to avoid such constitutional violations. Upon review of the record, the court finds that the action must be summarily dismissed.

LeGendre's § 1983 complaint names these defendants: the City of Charlottesville ("City"), the Charlottesville Police Department ("CDP"), Detective E. Maney, and Lieutenant M. E. Gore. LeGendre asserts that "Defendants refused to investigate [his] criminal complaint form," based on "an unconstitutional policy, custom or practice which favors an initial complaint over a following complaint by the accused of the first." Compl. 2-3, ECF No. 1. Gore allegedly told LeGendre that CPD officers "'don't usually' entertain cross-complaints." Id. at 3. LeGendre also alleges that the City and the CPD have "failed to properly train . . . officers on how to deal with conflicting criminal complaint forms." Id. At a later interview, Maney allegedly told LeGendre that the CPD would not help him with his criminal complaint, refused to begin an investigation, and ignored LeGendre's evidence. As relief in this case, LeGendre seeks declaratory, injunctive, and monetary relief.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines that the action or claim is frivolous,

malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Equal Protection Clause "does not take from the States all power of classification, but keeps governmental decision makers from treating differently persons who are in all relevant respects alike." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted). Thus, to prove an equal protection claim, LeGendre "'must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" Veney, 293 F.3d at 730 (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)).

LeGendre's equal protection claim fails on the first facet of the analysis. He has not demonstrated that he and the filer of the initial criminal complaint were similarly situated in all respects relevant to the CPD officials' decision to prosecute one criminal complaint and not the other. LeGendre's facts do not include any information about the nature of the filer's claims against him or their comparative criminal histories, which can adversely affect complainants' credibility. Similarly, he provides no information about the circumstances on which he based his criminal complaint, while the charges against LeGendre are available in state court records online.[1] Thus, the court cannot find that he has met the requirement of showing how he was similarly situated to the filer of the initial complaint. LeGendre also has not satisfied the requirement to show purposeful discrimination as a basis for the officials' decision to prosecute

---

[1] Court records online indicate that LeGendre was tried and convicted in the Charlottesville Circuit Court of robbery, object sexual penetration by force, and sodomy of a helpless victim or by force, among other offenses; he was sentenced in February 2020 to serve more than twenty-five years in prison.

one complaint and not the other. See Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 266 (1977) (requiring facts establishing that a "discriminatory purpose was a motivating factor" in the challenged, official decision). LeGendre provides no factual basis to support a reasonable inference that the officials' decision not to prosecute his complaint was based on any purposeful discriminatory factor, rather than on a legitimate difference between the two complaints, such as the totality of the evidence already collected by authorities to support the initial charges against him.

LeGendre also asserts that the failure to investigate his criminal complaint denied him due process. This claim simply does not rise to constitutional proportions. It is well established that LeGendre has no constitutional right to have another person investigated or prosecuted for criminal offenses. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). In other words, he simply had "no judicially cognizable interest in the prosecution or nonprosecution" of the person who filed the initial criminal complaint against him. Id.

For the reasons stated, the court will dismiss LeGendre's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim upon which relief could be granted.[2] An appropriate order will issue herewith. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**: This 23rd day of April, 2020.

_____
Senior United States District Judge

---

[2] The court also notes that this civil rights action is LeGendre's third unsuccessful attempt to sue the defendants for failing to prosecute his criminal complaint against his victim for unspecified injuries. See LeGendre v. Maney, No. 7:19CV00814, 2020 WL 497167 (W.D. Va. Jan. 30, 2020); LeGendre v. Money, No. 7:19CV00686, 2019 WL 5598320 (W.D. Va. Oct. 30, 2019). With each new complaint, he has provided fewer and fewer factual details about the incident from which the criminal charges stemmed. He is advised that further attempts to sue these defendants for the same alleged violations may result in summary dismissal of the action as malicious. See 28 U.S.C. § 1915A(b)(1).