IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOWELL TRAVIS LEGENDRE, ) | CASE NO. 7:20CV00182 |
| ) | |
| Plaintiff, ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| CITY OF CHARLOTTESVILLE, ET AL., ) | By: Glen E. Conrad |
| ) | Senior United States District Judge |
| Defendants. ) | |

Jowell Travis Legendre, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining that the defendant police officials unlawfully refused to investigate his criminal complaint. The court summarily dismissed Legendre's case for failure to state any constitutional claim actionable under § 1983. Legendre now moves for reconsideration. Specifically, Legendre argues that the court failed to address his primary contention: that a city police practice of not investigating a second complaint about the same incident caused officials to refuse to investigate Legendre's private criminal complaint against the victim of the crimes for which he now stands convicted.

Because Legendre's motion was filed within 28 days after the challenged judgment was entered, the court construes it as arising under Rule 59(e) of the Federal Rules of Civil Procedure. A judgment may be amended under Rule 59(e) in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Furthermore, Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Id. (internal citation omitted). Legendre's motion simply makes no such showings. He points to no change in the law or to any

new evidence. Moreover, it is well established that "[t]here is no statutory or common law right, much less a constitutional right, to [such] an investigation." Fuchs v. Mercer Cty., 260 F. App'x 472, 475 (3d Cir. 2008) (quoting Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007), (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")). Because the failure to investigate Legendre's complaint did not violate his constitutional rights, he has no separate claim that this failure was allegedly caused by a city-wide practice. Thus, Legendre fails to demonstrate that relief from the dismissal is necessary to correct any clear legal error or to prevent manifest injustice.

Because the allegations in the motion are unpersuasive or merely cumulative of allegations in Legendre's complaint, he has not met the requirements for the relief he seeks. Accordingly, the court remains satisfied that dismissal of the case for failure to state a claim was appropriate and will deny the motion. An appropriate order will issue herewith.

ENTER: This 20th day of October, 2020.

_____
Senior United States District Judge