IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JOWELL TRAVIS LEGENDRE,** | ) CASE NO. 7:20CV00182 |
| | ) |
| **Plaintiff,** | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| **CITY OF CHARLOTTESVILLE, ET AL.,** | ) By:  Glen E. Conrad |
| | ) Senior United States District Judge |
| **Defendants.** | ) |

Jowell Travis Legendre, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining that the defendant police officials unlawfully refused to investigate his criminal complaint, based on a department-wide practice of not considering cross complaints. The court summarily dismissed Legendre's case for failure to state any constitutional claim actionable under § 1983, based on its factual insufficiency. Later, for similar reasons, the court denied a motion for reconsideration of that dismissal. Legendre now files a second motion for reconsideration and a motion to amend with a proposed amended complaint attached. Based on the record and the present motions, the court construes these submissions as arguing that the court failed to address Legendre's primary contention: that a city police practice of not investigating a second complaint about the same incident is unconstitutional and caused officials to refuse to investigate Legendre's private criminal complaint against the victim of the crimes for which he now stands convicted. The court cannot agree and will deny the present motions.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). As the court stated in its previous opinions and orders in this case, it is well established that "[t]here is no statutory or common law right, much less a constitutional

right," to have law enforcement officials investigate another person for possible criminal prosecution. Fuchs v. Mercer Cty., 260 F. App'x 472, 475 (3d Cir. 2008) (quoting Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007), (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")). Because the failure to investigate Legendre's complaint did not violate his constitutional rights, he has no separate claim that officials' failure was allegedly caused by a city-wide practice. Moreover, Legendre's proposed amended complaint does not correct any of the factual deficiencies noted in the court's previous opinions.

For the reasons stated, the court remains satisfied that dismissal of the case for failure to state a claim was appropriate and will deny Legendre's current motions. An appropriate order will issue herewith.

**ENTER**: This \_\_\_20th\_\_\_ day of November, 2020.

_____
Senior United States District Judge